IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MISCELLANEOUS CASE NO._____

IN ARBITRATION BEFORE FINRA

*In the Matter of Arbitration Between*:

JEFF BADDERS;
CLIFTON BOULWARE, on behalf of himself and
    MELINDA BOULWARE,
    GEORGE BOULWARE, and
    PATTY BOULWARE;
RUSSELL BREWSTER;
RONALD CANFIELD; on behalf of himself and
    SARAH CANFIELD,
    BENJAMIN CANFIELD,
    JONATHAN CANFIELD, and
    MICHAEL CANFIELD;
CHARLES and LANELLE CARLISLE;
BILL GANDY;
RICHARD HAGEL;
LESLIE LANIER, on behalf of herself and on
    behalf of the ESTATE OF MARK LANIER,
    deceased;
LON MATTHEWS;
MIKE RANDLE;
BRENT STEPHENS

    Claimants,

vs.                                            FINRA Arbitration No: 09-04553

NYLIFE SECURITIES, LLC., successor to
NYLIFE SECURITIES, INC.

    Respondent.

## EMERGENCY MOTION TO COMPEL APPEARANCE OF GEORGE HUDGINS PURSUANT TO SUBPOENA TO APPEAR FOR DEPOSITION

Respondent/Defendant NYLIFE Securities, LLC ("NYLIFE"), requests that this Court compel the appearance of George Hudgins ("Hudgins") pursuant to the Subpoena to Appear for

Deposition issued to George Hudgins by the Chair of the Arbitration Panel in the matter before FINRA, styled *Badders et al. v. NYLIFE Securities, LLC*. In support of this motion, NYLIFE states as follows:

1. Claimants have brought suit against NYLIFE in arbitration before FINRA, styled *Badders et al. v. NYLIFE Securities, LLC* bearing FINRA Arbitration No: 09-04553 (the "underlying matter").

2. In accordance with Rules 12510 and 12512 of the FINRA Code of Arbitration Procedure, NYLIFE served Hudgins with a Subpoena to Appear for Deposition in the underlying matter. A copy of the subpoena is attached as Exhibit A.

3. Hudgins is currently serving a 10-year prison sentence at the Federal Correctional Complex in Butner, North Carolina for the crimes he committed through 3737 Financial L.P. ("3737 Financial"). He is not scheduled to be released until May 18, 2018.

4. The information NYLIFE seeks to learn from Hudgins is relevant to the claims brought by these Claimants, and NYLIFE should be allowed to uncover first-hand testimony from the architect of 3737 Financial in order to defend itself in the underlying matter.

5. Hudgins is uniquely positioned to explain how he operated 3737 Financial, and how each Claimant came to invest in 3737 Financial. Hudgins is the only non-party witness who can offer testimony regarding the details of his operation, what he represented to investors, what he represented to the NYLIFE registered representatives who allegedly referred some (but not all) of the claimants to Hudgins, and how he escaped detection in operating a Ponzi-type scheme. The Claimants allege that NYLIFE failed to prevent and detect investments in 3737 Financial, and in order for NYLIFE to defend this accusation it needs to present evidence that shows the extent to which 3737 Financial transactions were remote and beyond detection.

6. Based upon Hudgins' central role in the Ponzi scheme at issue and his unavailability to testify in person at the final hearing in the *Badders* arbitration, the Chairman of the arbitration panel issued the subpoena for Hudgins' testimony for presentation at the hearing. The underlying matter is set to be heard beginning on January 25, 2011 in Houston, Texas. As such, NYLIFE is prejudiced by Hudgins' refusal to cooperate because (a) it cannot present evidence regarding Hudgins' knowledge of the Claimants and their investments, including how each Claimant came to invest in 3737 Financial; and (b) it cannot present evidence regarding his participation in the concealment by the referring brokers of their role in any purchases.

7. Counsel for NYLIFE attempted to resolve this issue without involving the Court. Counsel for NYLIFE has made telephone calls and exchanged correspondence with legal personnel for the Federal Correctional Complex. While the legal personnel for the Federal Correctional Complex tentatively have agreed to schedule **January 12, 2011** as the date for Hudgins' deposition for presentation at the arbitration hearing, they have now informed counsel for NYLIFE that Hudgins is refusing to cooperate and that a court order will be necessary to procure Hudgins' cooperation.

8. The Northern District of Texas has held that Section 7 of the Federal Arbitration Act provides district courts the power to compel the attendance of witnesses before arbitrators. *Empire Financial Group, Inc. v. Pension Financial Services, Inc.*, 2010 U.S. Dist. LEXIS 18782, *6 (N.D. Tex. 2010) ("Section 7 of the FAA specifically grants district courts the authority to 'compel the attendance of [witnesses] before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.' 9 U.S.C. § 7.").

9. Section 7 of the Federal Arbitration Act provides that if the witness refuses to obey the summons, the appropriate relief should be sought with "the United States district court for the district in which such arbitrators, or a majority of them, are sitting." 9 U.S.C. § 7.

10. Accordingly, NYLIFE respectfully requests that the United States District Court for the Southern District of Texas, which is the district court in which the underlying matter will be heard, enforce the Subpoena to Appear for Deposition directed to Hudgins in the underlying matter.

WHEREFORE, NYLIFE requests that the Court grant this Motion and compel Hudgins to appear for deposition on **January 12, 2011**. A proposed order, to be served upon Hudgins at the Butner Federal Correctional Complex, is attached hereto.

Respectfully submitted,

/s/ Peter S. Fruin
Peter S. Fruin
Attorney for NYLIFE Securities, LLC

**OF COUNSEL:**
**MAYNARD, COOPER & GALE, P.C.**
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
Tel. 205.254.1000

## CERTIFICATE OF SERVICE

I certify that on January 5, 2011, the foregoing was electronically filed and served on the following via the Court's CM/ECF system:

**Attorneys for Opposing Counsel**

Bryan Forman
117 E. Houston Street
Tyler, Texas 75702

Louis F. Burke
Louis F. Burke PC
460 Park Avenue
New York, NY 10022

David R. Clouston
Sessions, Fishman, Nathan & Israel, LLP
Founders Square
900 Jackson Street, Suite 440
Dallas, TX 75202-4473


I certify that on January 5, 2010, the foregoing was served on the following via certified mail:

George D. Hudgins
c/o Director Harley G. Lappin
Butner Federal Correctional Complex
Old NC Highway 75
Butner, NC  27509

/s/ Peter S. Fruin
OF COUNSEL